EXHIBIT 1

| | |
|---|---|
| DISTRICT COURT 12TH JUDICIAL DISTRICT<br>IN AND FOR MINERAL COUNTY<br>1201 N. Main St., Creede, CO 81130 | DATE FILED: March 25, 2024 10:51 AM<br>FILING ID: 56914C203926F<br>CASE NUMBER: 2024CV30001 |
| Jason W. Vinyard, Plaintiff<br><br>Vs.<br><br>Amazon.com, Inc., and Amazon.com Services, LLC,<br>Defendants | |
| Attorney for Plaintiff:<br>Charles C. Powers, Esq.<br>THE POWERS LAW FIRM<br>P. O. Box 403<br>Creede, CO 81130<br>Phone Number:  719-850-2173<br>E-mail: ccpowerslaw@gmail.com<br>Atty. Reg. #: 07618 | Case Number:<br><br><br>Division<br><br><br>Courtroom |
| **COMPLAINT** | |

Comes Now Plaintiff, Jason W. Vinyard, by and through his undersigned counsel, Charles C, Powers, Esq., sues Defendants, Amazon.com, Inc. and Amazon.com Service, LLC, for damages and states:

1.  This is an action at law for damages in excess of $25,000.00 exclusive of attorney fees and costs.

2.  The incidents which are described herein arise out of and injury sustained by Plaintiff caused by a defect in a product marketed and sold by Defendants and delivered to the Plaintiff in Mineral County Colorado.

3.  The Defendant Amazon.com, Inc. is a Delaware Corporation which does business in Colorado by virtue of having a marketing web site known as Amazon.com, which markets products throughout the United States including in Colorado.

4.  Amazon.com Services, LLC is a foreign limited liability company, believed to be a wholly owned subsidiary of Amazon.com, Inc., which subsidiary warehouses, packages and delivers products ordered through Amazon.com, Inc.'s web site and delivers those products to buyers in Colorado including the Plaintiff. Amazon.com Services, LLC has operations in Colorado and is a foreign entity registered to do business and doing business in Colorado.

5.  One product Amazon.com, Inc. marketed on its web site was called Riomza remote control heated insoles, which are marketed as battery operated and rechargeable heated insoles for placement in the shoes or boots of the user to warm the feet of the wearer in a cold climate.

6.  The product was described on Defendant's web site as having been manufactured by a company named:  Aziruise-US.  In fact, upon information and belief there is no Aziruise-US registered as doing business in Colorado or anywhere in the United States, and, also on information and belief, Aziruise-US is a fictious name for Kaifeng Censhuo Network Technology Co., Ltd., a Chinese company, located in China and which advertises its products (including the product involved herein) through Amazon.com Inc.'s web site and ships product from China and into the United States and then such products are delivered by Amazon.com Services, LLC to the ultimate consumer.

7.  On or about January 1, 2024, Amazon.com's web site stated the Riomza heated insole product is safe and effective for those who work outside and in a cold climate.  Specifically, the product was described as:

> "Safety Certification & Quality Assurance: Our heated insoles are CE/RoHS/FCC/PSE certified to ensure the safety and quality. The high-density battery have overcurrent and over-charging safety protection, the battery and circuit protected by the built-in Saigang shell, a single heated insoles can bear at least 441 pounds."

8.  On or about January 1, 2024, Plaintiff, through his Amazon.com account, ordered Riomza remote control heated insoles, which were shipped by or through

Defendant and received by Plaintiff thereafter on or about January 8, 2024, at his residence in Mineral County Colorado

9.  Plaintiff charged the insoles as directed and wore them in his work boots to work and at other times approximately four time without incident, prior to the burning event described hereinafter.

10.  On or about February 9, 2024, Plaintiff was in Denver, Colorado, in a public place and was wearing the insoles in his boots.

11.  At that time and place and without warning while walking normally, Plaintiff felt electric shock and intense heat, burning and pian in his left foot whereupon he removed the boot as fast as possible.  The insole had become so hot, that it melted or burnt his sock and inside of his shoe and burnt his foot on the bottom on the sole, up the side of his foot and to above his ankle.  Not long thereafter it became apparent the Plaintiff had sustained severe burns on his left foot and ankle.

12.  As a direct and proximate result of the above, Plaintiff has suffered burns, blisters, scarring and disability including pain and suffering and loss of enjoyment of life along with loss of work and working ability and income therefore, and he has incurred medical expense for the care and treatment of his injuries all of which injuries, damages and losses are continuing and permanent in nature.

13.  On information and belief of the Plaintiff, the manufacturer of the product is a Chinese company and does not have a physical presence or office in the United States and or is not registered to do business in any State in the United States and Plaintiff cannot obtain jurisdiction over said manufacturer or principal distributor, such that Defendants are deemed the manufacturer pursuant to CRS 13-21-402(b).

14. Defendants are merchants with respect to goods of the kind sold to Plaintiff.

## Count I
### Liability for Defective Product under Restatement of Torts, Sec.402(a)

15.  All introductory paragraphs are realleged and incorporated herein by this reference.

16.  The product was defective when it left the hands of the Defendant, and the defect was unreasonably dangerous to the Plaintiff.

17.  No adequate warning of the defect was given to give notice to the Plaintiff of the possibility of the overheating and injury that occurred.

18.  As a direct and proximate result of the defect Plaintiff sustained the injury damages and loss described above.

## Count II
## Breach of Implied Warranty of Merchantability

19.  All introductory paragraphs are realleged and incorporated herein by this reference.

20.  By selling the product through its web site, Defendant impliedly warranted to the Plaintiff that the product was merchantable pursuant to CRS 4-2-314.

21.  In fact the product as a result of its ability to overheat and burn in the shoe, was not merchantable.

22.  Defendant breached it implied warranty of merchantability.

23.  As a direct and proximate result of the breach Plaintiff sustained the injury damage and loss described above.

## Count III
## Breach of Implied Warranty of Fitness for the Intended Use

24.  All introductory paragraphs are realleged and incorporated herein by this reference.

25.  By selling the product through its web site, pursuant to CRS 4-2-315, Defendants impliedly warranted to the Plaintiff that the product was fit for the intended use as an insole in boots for warming and worn close to the skin of the foot and ankle.

26.  Plaintiff relied upon Defendants' expertise and knowledge of the product in choosing the same and purchasing it through them.

27.  The product as a result of its ability to overheat and burn in the shoe, was not fit for the intended use.

28.  Defendants breached their implied warranty of fitness for the intended use.

29.  As a direct and proximate result of the breach Plaintiff sustained the injury damage and loss described above.

## Count IV
## Breach of Express Warranty

30.  All introductory paragraphs are realleged and incorporated herein by this reference.

31.  Pursuant to CRS 4-2-313, Defendants expressly warranted the product was safe for use as a heated insole.

32.  Defendants intended that the Plaintiff rely on its express warranty so as to induce browsers of its web site to purchase the product.

33.  Defendants reasonably knew Plaintiff was relying on its warranty by reason of the fact this Plaintiff was ordering and purchasing the item from the web site where such warranty was made.

34.  Defendants breached its express warranty that the product was safe.

35.  As a direct and proximate result of the breach Plaintiff sustained the injury damage and loss described above.

## Count V
## Negligent Failure to Warn

36.  All introductory paragraphs are realleged and incorporated herein by this reference.

37.   Defendants knew or should have known that the product had a possibility, however slight, of overheating to the extent that it could cause a burn.

38.  Defendants negligently failed to warn Plaintiff of the possibility of overheating or of any use that might cause such overheating.

39.  As a direct and proximate result of the breach Plaintiff sustained the injury damage and loss described above.

**Wherefore**, Plaintiff demands judgment against Defendants for damages, costs of this action, pre and post judgment interest and demands trial by jury.

Dated this 25th day of March 2024.

/s/ *Charles C. Powers*
Charles C. Powers, Esq.
Attorney for Plaintiffs